CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL S. VINSON,<br>    Plaintiff, | )<br>)  Civil Action No. 7:05-cv-00400<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| WACHOVIA BANK, et al.,<br>    Defendant. | )  By: Samuel G. Wilson<br>)  United States District Judge |

Plaintiff Paul S. Vinson, proceeding pro se, brings this action under 42 U.S.C. §1983, claiming that Wachovia Bank, the FBI, and a group he identifies as the "Kennedy Organization" have violated his rights under the First Amendment.[1] Vinson has asked the court to allow him to proceed in forma pauperis (IFP). He seeks $500 million in compensatory damages and $500 million in punitive damages. Having considered Vinson's complaint, the court will file Vinson's case IFP[2] but will dismiss it pursuant to the court's inherent power to sua sponte dismiss factually or legally frivolous claims.

### I.

Vinson alleges that, on or about May 19, 2005, he visited a Wachovia Bank in Lexington, Virginia and asked bank officials to contact certain venture capital firms to have one billion dollars deposited into his account as backing for his attempts to produce and market certain of his

---

[1] Though Vinson never specifically cites §1983, in lieu of other reasonable alternatives, the court construes his claim as one under that statute.

[2] Vinson states in his complaint that his only income is $575.00 a month, plus $50.00 a month in food stamps.

1

"inventions."[3] Bank officials responded by having a police officer serve Vinson with a trespass/harassment notice, warning Vinson that further entry of the bank or harassment of its employees would result in the issue of a trespass warrant from a Rockbridge/Lexington court. Vinson alleges that his treatment was part of a scheme by Wachovia, the FBI, and the "Kennedy Organization," an organization which allegedly includes several members of the Kennedy family previously thought deceased. Vinson explains that the "Kennedy Organization" has employed "functionaries" since 1968 to "walk their dog past [Vinson] on the street" and to "say or do something familiar within sight of [Vinson]," all in an effort to inhibit Vinson's ability to communicate with attorneys and to ultimately bring his many "inventions" to market.

## II.

A district court has the authority to sua sponte dismiss an action if it determines the action to be factually or legally frivolous. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); Rosser-El v. United States, 2002 WL 32361842 (D. Md.), aff'd, 50 Fed.Appx. 111, 2002 WL 31476925 (4th Cir.) (unpublished). Vinson's claims are fantastic, delusional, and patently frivolous, both factually and legally. Accordingly, the court dismisses Vinson's claims.

## III.

For the reasons stated herein, the court hereby dismisses Vinson's §1983 claims.

---

[3] In an attachment to his pleadings, Vinson lists and describes his "inventions": the Steam Lovers Fogger (a Love-Potion-#9-powered device used to fog up car windows on lovers' lane); the Frisbee Boomerang (a Frisbee that returns to the thrower); the Soft Drink Cap (a bottle cap that retains fizz in an opened soda bottle); the Vacuum Refrigerator/Freezer (a device that pumps the air out of the refrigerator/freezer after the door has been opened); and the Baby Watermelon (a melon that is ripe and ready to eat from the time it is the size of a baseball).

ENTER: This 23rd day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE